·ent case from those above cited as to deny their application to it. In Palmer v. Foley, 71 N. Y. 106, the discontinuance of the action was by stipulation of the parties. In Benedict v. Benedict, 15 Hun, 305; Id., 76 N. Y. 600,—it did not appear that the plaintiff was not entitled to the injunction. And in Apollinaris Co. v. Venable, 136 N. Y. 46, 32 N. E. 555, the defendant procured the dismissal ·of the complaint and dissolution of the injunction for a collateral ·cause arising subsequently to the commencement of the action; and, while holding that there was no final determination that the plaintiff was not entitled to an injunction to support a motion for reference to ascertain damages, the court recognized the rule above stated,—that the discontinuance of an action without the consent of the defendant, in which an injunction has been issued, is equivalent to a final determination by the court that the plaintiff was not entitled to it for the purposes of the relief founded upon the undertaking for damages. The defendant is not aided by these or any cases to which our attention is called.

The order should be affirmed. All concur.

---

(9 App. Div. 398.)

## WARNER v. BABCOCK.

(Supreme Court, Appellate Division, Fourth Department. October 16, 1896.)

·Costs—Offer of Judgment—Trial.

Under Code Civ. Proc. § 1018, authorizing the referee, "on the trial" of an issue of fact, to allow amendments of pleadings, an amendment can only be allowed after commencement of the trial, and therefore an offer of judgment, not made until after allowance of an amendment, is not made "before the trial" (Code Civ. Proc. § 738), so as to enable defendant to escape liability for further costs if a more favorable judgment is not recovered by plaintiff. Ward, J., dissenting.

Appeal from special term, Steuben county.

Action by Oliver M. Warner against Francis G. Babcock. From ·an order denying a motion for retaxation of costs, and to allow defendant certain costs to which he claims to have become entitled subsequent to the making of an offer of judgment, defendant appeals. Affirmed. ·

The opinion of Mr. Justice WERNER was as follows:

Defendant's right to a retaxation of plaintiff's costs and· to an allowance of costs on his own behalf depends upon the question whether the trial of this action was actually commenced before the referee on the 1st day of February, 1894. If it was not actually commenced at that time, then defendant's offer of judgment made on the 14th day of February, 1894, was perfectly good, and he is entitled to have his motion granted. If, on the other hand, the trial was commenced on said date, then defendant's offer was a nullity, and the plaintiff's counsel had a right to treat it as such, and to tax a full bill of costs. There is really no substantial dispute as to what took place before the referee. It appears that a question arose as to the sufficiency of defendant's pleading. He desired an amendment, but was in doubt whether the referee had the power to grant the same, or whether it would be necessary to make a motion before the court at special term. The referee resolved this ·doubt in defendant's favor by asserting the right to grant the amendment, .and this position was acquiesced in by counsel for the plaintiff. The amendment was therefore made, and an adjournment of the cause was taken, upon

defendant's motion, to the 27th day of February, 1894. The plaintiff recovered judgment for a less sum than that stated in defendant's offer of judgment, and, if his offer is held good, plaintiff was not entitled to the costs which accrued after the offer was made, and defendant is entitled to tax costs from that time. As stated before, the question whether the offer is good depends upon the question whether the trial was commenced before the referee on said 1st day of February. I am inclined to think that the trial was commenced. The referee had no power to grant an amendment until the case was moved before him. Code Civ. Proc. § 1018, gives a referee the right to exercise, upon a trial before him, the same power as the court "to allow amendments to the summons or to the pleadings." The right of a referee to grant a motion to amend pleadings in a case pending before him is derived from this statute. He has no power to consider or determine such a motion until the action is before him. By the very language of this statute, his powers are limited to proceedings "upon the trial of an issue of fact." The trial having been commenced, the offer which was made did not conform to the practice prescribed in section 738, Code Civ. Proc., which has been construed to mean that the offer must be made at least 10 days before the time of trial. Herman v. Lyons, 10 Hun, 111. The offer made and served by the defendant being a nullity, the plaintiff's counsel had a right to disregard it. Sares v. Matthews (Sup.) 15 N. Y. Supp. 510. The plaintiff's counsel was not bound to return it. Walker v. Chilson, 65 Hun, 529, 20 N. Y. Supp. 527. Defendant's motion for a retaxation of plaintiff's costs and a taxation of his own costs must, therefore, be denied, with $10 costs of this motion.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Dolson & Dolson, for appellant.
De Merville Page, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of WERNER, J., delivered at special term. Decision made by the concurrence of HARDIN, P. J., and FOLLETT, ADAMS, and GREEN, JJ. WARD, J., dissenting.

---

(9 App. Div. 252.)

PEOPLE ex rel. TREGASKIS v. PALMER, Comptroller.

(Supreme Court, Appellate Division, Second Department. October 27, 1896.)

MANDAMUS—APPOINTMENT TO OFFICE—PREFERENCE OF VETERANS.
    Mandamus will not lie to compel the appointment of a veteran of the Civil War to an office to which he is entitled to preference of appointment (Laws 1894, c. 716), where another person has been appointed and is in possession of the office, and the person making the appointment also has the discretionary power to determine whether the office shall be filled or left vacant.

Appeal from special term, Kings county.
Application by John Tregaskis for a writ of mandamus to compel George W. Palmer, as comptroller of the city of Brooklyn, to appoint relator to an office. From an order denying a peremptory writ, relator appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Sylvester J. Tormey, for appellant.
Joseph A. Burr, for respondent.